[Civ. No. 2750. Second Appellate District, Division One.—February 21, 1920.]

EARL CHARLTON WOOD et al., Copartners, etc., Respondents, v. JOSEPH MESMER, Appellant.

[1] ACTION UPON ACCOUNT—SERVICES RENDERED AND MATERIALS FURNISHED—SUFFICIENCY OF FINDINGS OF FACT.—In an action to recover upon an account for services rendered and materials furnished by the plaintiffs to the defendant at his special instance and request, a finding by the court that the defendant became indebted to the plaintiffs in a stated sum upon an open book account, or that the defendant became indebted to the plaintiffs for work and labor performed, materials furnished, etc., at or within a stated period of time, is a finding of fact and not a mere conclusion of law.

[2] ID.—AGREEMENT TO DO PRINTING—BASIS FOR CHARGES—EVIDENCE. In an action to recover upon an account for services rendered and materials furnished by the plaintiffs to the defendant in connection with the printing of certain newspapers, one of the plaintiffs having testified that in the conversation between himself and defendant's agent it was stated that plaintiffs were to charge for the printing work which they would do for him "on the uniform standard cost basis," that he showed said agent the system of charges as used in his office, which was on the schedule made out

by the printers' board of trade and according to the uniform standard cost system, the court did not err in receiving evidence as to the prices charged by the printers' board of trade, or in receiving evidence which proved that plaintiffs' charges were in accordance with that schedule, notwithstanding defendant's agent testified that there was no agreement for a standard of charges upon a basis established by the printers' board of trade, but that defendant was to pay on an actual cost basis.

[3] ID.—DEMAND OF PAYMENT BEFORE DELIVERY — RIGHT TO COMPENSATION FOR WORK — DAMAGES FOR REPRINTING.—Where there was a balance due from defendant to plaintiffs for previous work and defendant, under his contract, was not entitled to claim a further extension of credit, the plaintiffs were not bound to deliver the last edition of defendant's paper which they had printed without concurrent payment therefor; and in an action for services rendered and materials furnished the court properly allowed them compensation for printing such issue and denied the defendant damages for expenditures made by him in reprinting the same.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Visel and Arthur G. Fisk for Appellant.

James S. Bennett for Respondents.

CONREY, P. J.—Action to recover upon an account for services rendered and materials furnished by the plaintiffs to the defendant at his special instance and request. There was a counterclaim by the defendant. Judgment was entered in favor of the plaintiffs for $490.44, balance found due to plaintiffs, with interest and costs. The counterclaim was in part on a demand for rent and in part for damages for breach of contract.

As is far too common in the briefs which come to this court, the points made by appellant in support of his appeal are not presented definitely and in regular order. They are scattered through the argument, so that there is imposed upon the court the unnecessary labor of searching them out and numbering them before they can be stated in appropriate order. Under such circumstances, if the court should fail to notice any point intended to be made, the omission would easily be justified.

Appellant contends that the findings do not sustain the judgment. His claim seems to be that certain of the findings are wholly conclusions of law and omit to find upon the ultimate facts. There is no merit in this claim. The seventh cause of action stated in the complaint declares upon an open book account for an amount covering plaintiff's entire demand. The previous causes of action are separate statements of account on which it is alleged that defendant became indebted to plaintiffs for work and labor performed, materials furnished and moneys paid out for defendant at his special instance and request. The findings respond directly to these allegations as contained in the seventh cause of action and in each of the others. They likewise respond directly to the affirmative allegations of the answer. [1] In an action of this kind a finding by the court that the defendant did become indebted to the plaintiff in a stated sum upon an open book account, or that the defendant became indebted to the plaintiff for work and labor performed, materials furnished, etc., at or within a stated pediod of time, is a finding of fact and not a mere conclusion of law. Appellant cites no authority in support of his stated theory.

Between the twenty-fourth day of November, 1915, and the first day of January, 1916, the plaintiffs occupied certain premises of the defendant in the city of Los Angeles and used a printing plant of the defendant therein under an agreement to pay rent therefor. The defendant was the owner and publisher of two weekly newspapers. It was a part of the contract that the plaintiffs would print these newspapers for the defendant and receive compensation therefor. The principal part of plaintiffs' cause of action is for recovery of that compensation. [2] In this connection, the defendant claimed that he was to pay for those publications on an actual cost basis, not exceeding a certain sum for each issue of the papers. The plaintiffs' claim was that they should be allowed a reasonable profit figured under a schedule known as the schedule of the printers' board of trade. Appellant claims that the court erred in allowing the plaintiffs to introduce evidence as to the prices charged by the organization known as the printers' board of trade. In support of this claim he prints in his brief (from the typewritten transcript) certain testimony of M. L.

Helpman, Jr., the agent of defendant through whom the negotiations were had with plaintiffs which resulted in their contract with defendant. Counsel for appellant states that this evidence was the only statement directly upon the foregoing question as to the terms of the contract, and that this evidence without contradiction shows that defendant's contention is correct, and that there was no agreement for a standard of charges upon a basis established by the printers' board of trade. It appears, however, from testimony printed in the brief for respondents that the plaintiff Earl C. Wood testified that in the conversations between himself and defendant's agent, Mr. Helpman, and which resulted in the transactions covered by this action, it was stated that plaintiffs were to charge for the printing work which they would do for him "on the uniform standard cost basis"; that he showed to Mr. Helpman the system of charges as used in his office, which was on the schedule made out by the printers' board of trade and according to the uniform standard cost system. With this evidence before the court, it follows, of course, that the court did not err in receiving the evidence which it did receive as to the prices charged by the printers' board of trade, or in receiving the evidence which proved that plaintiffs' charges were in accordance with that schedule.

Appellant contends that the court's finding that none of the allegations contained in paragraphs 3 and 4 of the counterclaim of defendant are true is contradictory to other findings of the court, and that this finding as to paragraphs 3 and 4, if a true finding, negatives plaintiffs' right to recover. Said paragraphs 3 and 4 are not complete in themselves and refer back to the two preceding paragraphs of the counterclaim. So read, it is perfectly clear that the finding in question is consistent with the other findings of the court. The findings, without contradiction or inconsistency, establish the amount of plaintiffs' demand as controlled by a standard of charges that is sustained by the evidence, and allow to the defendant as an offset to plaintiffs' demand the full sum of rent proved to be due, as well as an additional sum of $35 which he did not claim.

[3] We think that the court did not err in allowing plaintiffs compensation for printing the last issue of the paper called "The Jeffersonian." The plaintiffs printed

that edition and informed defendant's agent that he could have it, but would have to pay for it when delivered. As there was then a balance due to plaintiffs from defendant on account of the previous business and there was nothing in the contract which entitled the defendant to claim a further extension of credit, plaintiffs were not bound to deliver these last papers without concurrent payment therefor, and they were entitled to recover in this action for that item of work done by them for the defendant. It further follows that defendant was not entitled to recover damages for expenditures made by him in reprinting the said issue of the newspaper.

The judgment is affirmed.

Shaw, J., and James, J., concurred.