[Civ. No. 4124. Third Appellate District.—June 19, 1930.]

OCEANO BEACH RESORT COMPANY (a Corporation), Appellant, v. W. J. CLARK, Respondent.

M. R. Van Wormer for Appellant.

S. V. Wright for Respondent.

PLUMMER, J.—This action was begun by the plaintiff against the defendant to obtain an accounting of all moneys received and expended by the defendant, and of all charges by the defendant against the plaintiff, for and on account of his administration of the affairs of the company. Judgment was entered in favor of the defendant for the sum of $5,462.28 and $59 costs. From this judgment the plaintiff appeals.

The record shows that the defendant was the duly elected, qualified and acting president of the plaintiff corporation from the first day of June, 1924, until about the sixteenth day of February, 1926. It appears also from the record that the plaintiff corporation had an office in Bakersfield,

in the county of Kern, and that its principal place of business, or the place where the property belonging to the corporation was situate and where it was transacting business in relation thereto, was at Oceano Beach, in the county of San Luis Obispo. The business of the corporation appears to have been that of conducting a beach resort at Oceano and the selling of lots in ·connection therewith. The defendant, during the time he was acting as president of the corporation, appears also to have been acting as general manager, spending his time at Oceano Beach, at which place the defendant and his family had established residence.

The complaint alleges that the defendant has received of the funds of the plaintiff the sum of $11,116.13. The answer admits the receipt of $6,355.79 of money belonging to the company, from the Hellman Bank and Trust Company of Los Angeles, and also the further sum of $2,382.29 of other funds belonging to said corporation, derived from rents and profits of the business of the corporation during the defendant's° administration of its affairs. The answer then alleges that on the first day of February, 1926, the plaintiff was indebted to the defendant in the sum of $5,238.37. The court found that the defendant had received from the Hellman Bank and Trust Company of Los Angeles, of funds belonging to the plaintiff, the sum of $6,355.79, and also the further sum of $7,261.93; that the funds collected by the defendant were received and the funds expended by him were expended pursuant to resolutions adopted by the corporation authorizing such action on the part of the defendant. The court found: "That defendant advanced certain moneys to plaintiff, and earned wages, and on the 1st day of February, 1926, plaintiff was indebted to defendant in the sum of $2,565.57." The court further found that the indebtedness just mentioned, of the plaintiff to the defendant, was duly found to exist by a meeting of the board of directors of plaintiff held on the sixth day of February, 1926.

It may here be stated in connection with what is said in the finding as to ·the action of the board of directors is shown by the minutes to have been taken at a meeting of the directors of the corporation at which only three of the five directors of the corporation were present, one

of whom was the defendant, from which it follows that this part of the finding of the court must be disregarded, as the board of directors had no power to adopt such a resolution, not having a quorum present exclusive of the defendant, who appears to have voted for the adoption of this resolution. The complaint further alleges that the defendant, after the termination of his office as president of the company, continued to collect, without authority, moneys due the plaintiff. In this particular the court found as follows: "It is not true that the defendant continues to collect the debts due the plaintiff, without any authority whatsoever, or that he continues to appropriate the moneys so collected to his individual use; but on the contrary plaintiff is indebted to the defendant in a large sum of money, to-wit, $5,462.28."

Upon this appeal the appellant challenges the sufficiency of the evidence to support the finding that on the first day of February, 1926, the plaintiff was indebted to the defendant in the sum of $2,565.57 for wages earned. Likewise, two objections are made to what the trial court set forth as a finding: "that plaintiff is indebted to the defendant in a large sum of money, to-wit, $5,462.28." That there is no testimony in the record to support such a finding, and also that the purported finding is in truth only a conclusion of law and is not a finding at all.

After referring to certain statements showing receipts, expenditures and claims for salary rendered by the defendant to the plaintiff, the appellant concludes its brief as follows: "We respectfully submit that the proper judgment in this case would be wages for the defendant at the rate of $5.00 per day from June 15, 1925, until February 15, 1926, less the amount of his collections made after February 15, 1926, amounting to $478.49, and that any judgment in excess of this amount is unsupported by the evidence." In response to this statement in appellant's brief the respondent's reply advances the answer that $2.50 per day for expenses, in addition to the $5.00 per day, is not unreasonable, and that if expenses were allowed, it would bring the judgment up to $4,021.50. Outside of this statement the respondent makes no pretense that the testimony supports the judgment for any greater sum.

As heretofore stated, the record shows that the defendant acted as president and managing agent of the plaintiff from June, 1924, until about the middle of February, 1926, The record further discloses that a resolution was adopted by the board of directors of the corporation providing for compensation of any officers who were looking after the business of the company at the rate of $5 per day, and also that expenses in the sum of $2.50 per day were to be allowed when the officer so looking after the affairs of the company was away from home. The resolution relative to expenses was adopted by the corporation on February 4, 1922, and reads as follows: "That any member of the Board of Directors that is appointed to attend to official business of the Company shall receive the sum of $5.00 per day, and expenses when they have to leave the city." On the part of the appellant it is claimed that this resolution in relation to expenses applies only, and was intended to apply only, to such officers of the company who had to leave the city of Bakersfield in looking after the affairs of the company, and that as the defendant Clark moved from the city of Bakersfield and established his residence at Oceano Beach expenses should not be allowed. However, in the statements rendered by the defendant Clark to the corporation, expenses at the rate specified in this resolution were always set forth as a part of his salary. No objection appears to have been made thereto until the trial of this action. The construction of this resolution given by the corporation appears to have been that expenses in the sum of $2.50, as well as salary in the sum of $5 per day, should be allowed the defendant while engaged in looking after the affairs of the company. As we have stated, the official connection of the defendant with the company as its president and managing agent appears to have been terminated on or about the sixteenth day of February, 1926, and though he continued to collect some moneys due the plaintiff thereafter, to wit, the sum of $478.49, he really performed no services thereafter, and our attention has not been called to anything in the record from which it could be found or concluded that the defendant was in the employ of the plaintiff company after the sixteenth day of February, 1926.

■ While we agree with the appellant that the words in the court's findings, as follows: "But on the contrary plaintiff is indebted to the defendant in a large sum of money, to-wit, $5,462.28"—are only a conclusion of law, as shown by the following cases: *Adams-Campbell Co.* v. *Jones,* 71 Cal. App. 723 [236 Pac. 322], *Lynip* v. *Alturas School Dist.,* 24 Cal. App. 426 [141 Pac. 835], *Wood* v. *Mesmer,* 46 Cal. App. 257 [189 Pac. 134], and not a finding of fact at all, the conclusion at which we have arrived in this case is not influenced thereby. We may state that if the conclusion of law had been preceded by a statement of facts, showing the indebtedness of $5,462.28, as set forth in the case of *Wood* v. *Mesmer, supra,* then it would have constituted a finding of fact.

■ By reason of the failure of respondent to call to our attention any testimony supporting the finding in the sum of $5,462.28, and being unable to discover in the record any testimony supporting either a finding or a judgment for such sum, the judgment must be reduced irrespective of whether the language used in the finding is a finding of fact or a conclusion of law.

In what appears to be a final statement rendered by the defendant to the plaintiff, which is supplemented by some additional testimony not materially changing the statement, we find the defendant charging the plaintiff with the sum of $3,937.50, the amount claimed to be due to the defendant from the plaintiff as of the first day of February, 1926.

In pursuance of the offer of the appellant, and likewise the estimate of the defendant as to what is due from the plaintiff to the defendant, we have taken this sum as a basis of the amount due the plaintiff from the defendant as of the first day of February, 1926, and while our calculations in taking figures from the record would show an indebtedness from the plaintiff to the defendant on the sixteenth day of February, 1926, of the sum of $4,062.50, in view of the fact that the defendant, in his brief, figures the amount, when expenses are allowed as well as salary, at $4,021.50, we will accept such figures as stating the correct amount.

While there is no finding by the court that such sum is due, the testimony in the record is sufficient to support such a finding, and in view of the statements contained in

the briefs of both appellant and respondent, to which we have referred, a reversal of the judgment herein may be avoided by directing a modification thereof so as to award the defendant a judgment to which the testimony shows him to be entitled.

It is therefore ordered that if the respondent shall, within thirty days after going down of the *remittitur* herein, file in the court below a written release of the judgment for any and all sums in excess of $4,021.50, then and in that event the judgment shall stand affirmed for the said sum of $4,021.50. If such release be not filed within said time, the judgment shall stand reversed. It is further ordered that neither party recover costs on appeal.

Thompson, (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 18, 1930.