[Civ. No. 22017.   Second Dist., Div. One.   June 12, 1957.]

VIRGINIA LOU BEKSINSKI, Appellant, v. GENE I. BEKSINSKI, Respondent.

Irvin S. Bartfield for Appellant.

No appearance for Respondent.

DRAPEAU, J. pro tem.*—Defendant husband was granted an interlocutory decree of divorce from plaintiff wife, and custody of the minor child of the parties. The trial court ordered that the husband place the child in a foster home, and pay for its support there. There was no community property, and the court refused to order additional fees for the wife's lawyer.

The wife appeals from the interlocutory judgment of divorce, and from "that certain Order of the above entitled Court . . . allowing a hearing for the further introduction of evidence in the above entitled action, and the subsequent denial of such hearing on the 7th day of June, 1956."

The husband has not filed a brief in this court, and the appeal has been submitted for decision on the wife's opening brief.

Grounds of appeal are:

1. That there was no substantial evidence to support the trial court's finding that the wife was an unfit person to have the care and custody of her minor child, and for the order placing the child in a foster home.

2. There being no substantial evidence to support the aforesaid finding the court could not award custody of the child to strangers.

3. That the court could not grant a motion for a new trial on part of the issues, and then deny plaintiff the right to a hearing and the production of evidence on this issue.

4. That it was an abuse of discretion for the court to deny additional attorney's fees for the plaintiff.

The first and second grounds of appeal may be settled together.

Inasmuch as the welfare of the child is concerned, this court has read the reporter's transcript of the proceedings in the superior court. While it is a serious and sometimes distressing duty for a court to have to declare a mother an unfit person to have custody of her child, in the facts of this case it is difficult to see how the trial judge could have made any other order as to custody of the child, or any other finding than extreme cruelty on the part of plaintiff toward her husband.

It appears from the record that this woman was under the influence of intoxicating liquor many times in the presence of her husband and her children. (She had a child by

*Assigned by Chairman of Judicial Council.

a former marriage.) That occasionally she made a public spectacle of herself, to the embarrassment of her husband and others who saw it. And that after she left her husband her conduct was still worse. This court will not recite that conduct in this opinion, to be published in the advance reports, and to be preserved in the bound volumes of California decisions; but will let it rest in the reporter's transcript in the files.

■ Counsel for plaintiff forgets that while his client denied any wrongful conduct, it was for the trial judge to resolve this conflict in the evidence, and that in reviewing an attack upon the findings the power and the duty of this court ends when it finds any substantial evidence in the record that supports such findings. (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; *La Mar* v. *La Mar*, 30 Cal.2d 898 [186 P.2d 678]; *Steele* v. *Steele*, 132 Cal.App.2d 301 [282 P.2d 171].)

In the Primm case, *supra*, the rule is clearly stated (at page 693) by Mr. Justice McComb, speaking for a unanimous Supreme Court:

"When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact. (Citing cases.)

■ "When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. (Citing cases.)"

Referring to plaintiff's complaint about the hearing after the trial, and while her motion for a new trial was pending.

After the motion for a new trial was made, the court took testimony relative to conditions at the foster home. The man and his wife who operated the home were interrogated. The judge expressed a desire to question one of the persons plaintiff had been going around with, and continued the hearing. It was suggested that a subpoena be issued for this person's appearance. Then the judge said, "I won't consider this up for further hearing unless he is here in court so we will have our opportunity to examine him."

Neither the clerk's nor the reporter's transcript show that any further testimony was taken, or that any other order was made than in the interlocutory judgment.

The next thing in the record is that the motion for a new trial was denied.

Therefore, taking the facts from the record it appears that the judge was taking testimony to satisfy himself as to placement of the child, and the motion for a new trial was submitted and denied. These circumstances present no grounds for reversal of the judgment.

Finally, referring to plaintiff's complaint as to attorney's fees.

■ Applications for attorney's fees in divorce cases are within the reasonable and fair discretion of the trial judge. In the absence of a clear showing of abuse of discretion, the determination of the trial court as to attorney's fees will not be disturbed upon appeal. (*Primm* v. *Primm, supra,* 46 Cal.2d 690, 696; *McClure* v. *Donovan,* 86 Cal.App.2d 747, 750 [195 P.2d 911].)

This court can find no abuse of discretion in the denial of this motion. By stipulation counsel was paid $175 on the initial order to show cause. This was apparently in contemplation of an uncontested case. After the trial as a contested case, plaintiff's counsel felt the fee of $175 was not enough.

While that may be true, the court had to consider the finances and the ability to earn money of the defendant, and his obligation to his child. At times he found it hard to secure work. Perhaps he wasn't the best provider in the world. But he cheerfully assumed the burden of taking care of his child in the foster home. This was about as much as should have been asked of him under all the facts before the court.

The purported appeal from the order mentioned in plaintiff's notice of appeal is dismissed, for the reason that no order was made except the order as to custody in the interlocutory judgment.

The interlocutory judgment is affirmed.

White, P. J., and Doran, J., concurred.