[Civ. No. 10568. Third Dist. July 18, 1963.]

MAMIE ARRUDA, Plaintiff and Appellant, v. FRANCIS L. ARRUDA, Defendant and Respondent.

Zarick & Zarick, Robert A. Zarick and Marco S. Zarick for Plaintiff and Appellant.

Malone, Dennis, Schottky & Pearl for Defendant and Respondent.

JANES, J. pro tem.*—Plaintiff Mamie and defendant Francis were married in California in 1929. They separated in 1961 and Mamie thereupon filed this action for divorce, charging extreme cruelty. Francis filed an answer denying the allegations of cruelty and a cross-complaint seeking like relief. The case came to trial in due course and was tried without a court reporter. At the close of the evidence, counsel submitted their arguments to the trial court by written memoranda. After considering the memoranda, the court filed a written opinion, made and filed findings of fact and conclusions of law, and entered an interlocutory decree which awarded each spouse a divorce upon the ground of extreme cruelty, denied plaintiff's request for alimony and counsel fees and divided the community property of the parties.

Upon granting both parties a divorce, since neither spouse was found to be innocent, the court was required to divide the community property equally between them. (*De Burgh* v. *De Burgh,* 39 Cal.2d 858, 874 [250 P.2d 598].) It is clear from the record before us that the court attempted to make an equal division of the community property, except for certain furniture and furnishings of the family home. As to those items, the court made no determination as to values, but made a division thereof by distributing to plaintiff the articles which she had taken when she left the family home, and the remainder to defendant.

Plaintiff appeals from the interlocutory decree, except that portion finding that each party is entitled to a divorce from the other. Her principal attack, however, is upon that part of the decree which divides the community property, and her primary contention is that the trial court, in violation of the *De Burgh* rule, divided the community property unequally in favor of defendant.

The record on appeal is a partial record, presented under rule 5(d), California Rules of Court,† and consists of a clerk's transcript (including the judgment roll), the memorandum opinion of the trial court and certain exhibits received in evidence. In an attempt, however, to enlarge the record and the scope of appellate review by bringing before this court the arguments upon the factual contentions in the trial court, plaintiff has attached as exhibits to her opening brief

---

*Assigned by Chairman of Judicial Council.
†Formerly Rules on Appeal, rule 5(d).

414

on appeal the trial memoranda lodged with the trial court.[1]

■ California Rules of Court provide an appellant with a choice of several types of records upon which to take an appeal where, as here, there can be no reporter's transcript of the oral proceedings in the trial court. The choices are: a settled statement (rule 7)*; an agreed statement (rule 6)*; a clerk's transcript, which may or may not be restricted to the judgment roll (rules 5(d), 5(f)).* The last is the method selected by plaintiff. Whichever method is chosen, it is the duty of an appellant to present a record which affirmatively shows on its face that error has occurred. (*Utz* v. *Aureguy,* 109 Cal.App.2d 803, 806 [241 P.2d 639].)

■ Plaintiff has not taken advantage of either rule 6 or rule 7 to bring before this court the oral proceedings, or any part thereof, in the trial court. Her appeal must be disposed of, therefore, as an appeal on the judgment roll and only those facts appearing in the findings may be considered by us. (*Estate of Larson,* 92 Cal.App.2d 267, 269 [206 P.2d 852].) ■ On such an appeal the question of the sufficiency of the evidence to support the findings is not open; we must conclusively presume that the evidence is sufficient to support the findings, since no record of the oral proceedings is before this court. (*Kompf* v. *Morrison,* 73 Cal.App.2d 284, 286 [166 P.2d 350].) ■ Unless reversible error appears on the face of the record, we are confined, therefore, to a determination as to whether the complaint states a cause of action, whether the findings are within the issues, and whether the judgment is supported by the findings. (*Estate of Larson, supra,* p. 268.) ■ And plaintiff ". . . cannot, by designating for inclusion in the clerk's transcript documents not properly a part of the judgment roll, or by requesting that the exhibits received in evidence be transmitted to the appellate court, enlarge the scope of the appellate court's review." (*Hunt* v. *Plavsa,* 103 Cal.App.2d 222, 224 [229 P.2d 482].)

---

[1]Plaintiff's designation, under rule 5(a),* of the papers and records which she desired incorporated in the record on appeal specified, in addition to the pleadings, memorandum opinion and exhibits "all correspondence from respective counsel to the Court and the Court's reply thereto." The clerk properly omitted such documents from the record on appeal, but plaintiff has attached them as exhibits "A" and "B" to her opening brief, upon the theory that since the trial court ordered and received the trial memoranda and stated that it took them into consideration in arriving at its decision, the memoranda are properly a part of the record on appeal.

*Formerly Rules on Appeal, rules 5(a), 5(d), 5(f), 6, 7.

In the light of the foregoing rules, which we have noted because of plaintiff's attempts to enlarge the record and the scope of our review and thereupon to argue the sufficiency of the evidence, we turn to plaintiff's several assignments of error.

In support of her contention that the trial court made an unequal division of the community property, plaintiff argues (1) that the trial court erroneously assigned "cash values" to certain lodge and group insurance policies having no cash value, and charged their values so found to her share of the community property; (2) that the court failed to take into account the present value of a life insurance policy upon the life of defendant and a credit union savings balance withdrawn by defendant; and (3) that the household furniture and furnishings of the parties were not valued and equally divided.

It would be a sufficient answer to each of plaintiff's contentions to reiterate the elementary and fundamental rule that where, as here, the appeal is taken upon a clerk's transcript, with no record whatever of the oral proceedings below, the appellate court must conclusively presume that the evidence is ample to support the findings made by the trial court. (*Kompf* v. *Morrison, supra,* p. 286.) This is the position taken by defendant, who makes no attempt to answer plaintiff's separate claims of unequal division of the property, but contents himself with pointing to the inadequacy of the record as a basis for considering plaintiff's contentions and rests upon the presumption accorded the findings upon such record and appeal. We have reviewed the record in the light of each of plaintiff's contentions, however, and shall discuss them individually.

### PLAINTIFF'S INSURANCE POLICIES

Plaintiff asserts that the trial court assigned to three lodge and group insurance policies, in plaintiff's name, values of $600, $500 and $1,000, and included the total thereof, the sum of $2,100 in plaintiff's one-half share of the community property, although the policies have, in fact, no cash value.[2] Whatever speculation might be indulged in the matter falls before the presumption that the evidence is ample to support the findings of the trial court. Moreover,

[2]The policies are described in the court's memorandum opinion as: "Plaintiff's Life Insurance: S.P.R.S.I. Lodge, $600.00; U.P.E.C., $500.00; Provident Life & Accident Insurance, $1,000.00," and similarly in the findings of fact, but without specification of values.

the presumption is fortified, in this instance, by plaintiff's Exhibit No. 2 at trial, which she has attached to her opening brief on appeal as Exhibit "C" thereto and urges us to consider. Under the heading, "INSURANCE, STOCKS, CASH, BONDS," the exhibit contains descriptions of the three policies in question and, opposite each policy description, the exact value (without designation of such values as either "face" or "cash" values) accepted and fixed by the court and of which plaintiff complains.[3] Upon the basis of this evidence alone the court was entitled to infer and to conclude, as it did, that the insurance policies are of the values assigned to them.

### DEFENDANT'S LIFE INSURANCE POLICY AND CREDIT UNION SAVINGS DEPOSIT

■ ■ Plaintiff's next contention is that the trial court failed to take into account a California Western Life Insurance policy on the life of defendant, in the face amount of $2,500, which it is conceded defendant "cashed" for the sum of $1,900, and a Federal Credit Union savings account, also in defendant's name, in the amount of $1,000, which it is claimed defendant withdrew and used. The existence of the former was admitted by the pleadings; the latter first appears in plaintiff's answer to defendant's cross-complaint, in which plaintiff alleges, for the first time, additional community property in the form of the $1,000 deposit with a credit union affiliated with defendant's employer. The latter allegation is deemed to have been denied. (Code Civ. Proc., § 462.)

The court made no finding with respect to either the life insurance policy or the credit union balance, and plaintiff contends that the court erred in omitting to find as to these items of property. The contention is without merit. "[W]here . . . an appeal is based upon the judgment roll alone, the omission of the trial court to make and file findings of fact upon issues raised by the pleadings is not a ground for reversal of the judgment on appeal [citations]." (*D'Alessio* v. *D'Alessio*, 56 Cal.App.2d 118, 120 [132 P.2d 271]; *Garwick* v. *Gordon* 121 Cal.App.2d 247, 250 [263 P.2d 125].) Plaintiff's position is not aided by the fact that the pleadings contain an admission as to the existence of the insurance policy. In the absence of a record of the oral proceed-

---

[3]The exhibit includes other similar items of property, such as bank accounts, bonds and stocks, as to some of which the court also accepted and found the exact values shown in apposition to the items on the exhibit, and as to which plaintiff makes no complaint.

ings, and in the light of the presumption that the evidence received by the trial court sustains its findings, it is immaterial whether the documents which are a part of the record contained admissions of defendant against his interest. (*White* v. *Jones*, 136 Cal.App.2d 567, 571 [288 P.2d 913].)

The court impliedly found that these items of community property did not exist, and this conclusion, too, finds support in the court's memorandum opinion and the trial memoranda which plaintiff urges upon us. While outside the record, the trial memoranda attached to plaintiff's brief may be taken as an indication of plaintiff's position on the facts as well as the law (*Browne* v. *Superior Court*, 16 Cal.2d 593, 599 [107 P.2d 1, 131 A.L.R. 276]), and an assertion in a brief may be treated as an admission of a factual or legal point, controlling in the disposition of the issue. (*Kohn* v. *Kohn*, 95 Cal.App.2d 708, 719 [214 P.2d 71]; 3 Witkin, Cal. Procedure, Appeal, § 150, p. 2334.) The written opinion of the trial judge, too, although it may not be invoked to contradict the findings or judgment, may be used as an aid in the interpretation of an uncertain decision, or to discover the grounds thereof. (*Silvers* v. *Wesson*, 122 Cal.App. 2d 902, 906 [266 P.2d 169].) And there is authority for the proposition that upon appeal such written opinion may be consulted, in the absence of a finding of fact, to ascertain what the court would have found. (See *Crabtree* v. *Superior Court*, 197 Cal.App.2d 821, 824 [17 Cal.Rptr. 763].)

An examination of these documents discloses the fact to be that the California Western Life Insurance policy was "cashed" for the sum of $1,900; that the date of the policy conversion was in dispute, defendant contending that it was converted in October 1960 (before filing of the action) and plaintiff contending, inferentially, that the policy was cashed during the pendency of the action; and that the $1,000 credit union savings balance was "withdrawn and used." Upon the filing of its memorandum opinion the trial court expressed the view that both of the parties, during the marriage, were discharging certain of their obligations "out of community funds," and it is clear from said opinion and the memoranda that the trial court had before it evidence that the proceeds of both such items of property were used to some extent in discharging the obligations of one or more of the parties. The question before the court was not the existence of the items, but the time of their liquidation and

a consideration of the uses to which the proceeds had been put; the court concluded, by necessary implication, that neither the insurance policy nor the credit union account existed, at a relevant time, as items of community property, but that the proceeds thereof had been expended, in the manner contended by the parties, upon obligations of the parties.

## HOUSEHOLD FURNITURE AND FIXTURES

▮▮ Plaintiff's final contention, in the property dispute, is that the trial court failed to determine the value of the household furniture and furnishings which it found to be community property, and that it made an unequal division of them. The court made no finding of dollar value, indicating in its memorandum opinon that the value was "unknown," but with certain exceptions divided this property by awarding to plaintiff the articles which she had theretofore removed from the home, and distributing the remainder of the items to defendant. The record is silent as to the particular items distributed to the respective parties, but in the absence of a record of the oral proceedings, and in view of the presumption supporting the findings, we are unable to hold that this disposition constituted an unequal division of the furniture and furnishings. (*Utz* v. *Aureguy, supra.*)

## ABUSE OF DISCRETION

Lastly, plaintiff argues that the trial court abused its discretion in denying her requests for counsel fees and for appointment of a referee to make an accounting of certain items of community property and expenditures of funds.

▮▮ It is fundamental that a motion for allowance of counsel fees is addressed to the sound discretion of the trial court; such allowance is never a matter of absolute right.

▮▮ As stated in *Beksinski* v. *Beksinski,* 151 Cal.App.2d 674 [312 P.2d 268], at page 677:

"Applications for attorney's fees in divorce cases are within the reasonable and fair discretion of the trial judge. In the absence of a clear showing of abuse of discretion, the determination of the trial court as to attorney's fees will not be disturbed upon appeal. [Citations.]"

The record discloses no abuse of discretion in the denial of plaintiff's request.

The trial court's alleged "denial" of plaintiff's request for appointment of a referee requires some explanation. Upon filing its written opinion, on March 12, 1962, the court suggested that it would appoint a referee, if requested by either

party, to check into the matter of community funds and expenditures by each party, during the marriage, for certain bills and obligations. On March 20, 1962, counsel for plaintiff addressed a letter to the trial judge, requesting that some disinterested person be appointed as referee ''to check the items and account to the Court for them.'' (Exhibit D, plaintiff's opening brief on appeal.) On April 18, 1962, the court signed and filed findings of fact and conclusions of law. At some undisclosed time the trial judge *apparently*[4] denied plaintiff's request by deleting the suggestion from his memorandum opinion.

 It is a fundamental rule, requiring no citation of authority, that the court in dissolving a marriage may determine the status of property and divide the community property between the parties without accounting by a referee.

 The written opinion of the trial judge, in any event, is not a decision, and neither its conclusion nor its reasoning furnishes a basis for attacking an otherwise correct finding, order or judgment. (*DeCou* v. *Howell,* 190 Cal. 741, 751 [214 P. 444].) We find no abuse of discretion in either the circumstances or the record of the trial court's action in this regard.

No error appearing, the judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.

---

[4]The record is incomplete on this point. That portion of the memorandum opinion which contains the trial judge's suggestion for appointment of a referee is deleted, without authentication, and with no indication as to when, by whom or by whose authority the deletion was made. For the purpose of considering the point we assume, as contended by plaintiff, that the deletion was by the trial judge.