[Civ. No. 11766.   Third Dist.   Mar. 21, 1969.]

BERT BRISTOW, Plaintiff and Respondent, v. JOE MORELLI, Defendant and Appellant.

William Caietti for Defendant and Appellant.

Van Gelder, Sypnicki & McClarrinon and George McClarrinon for Plaintiff and Respondent.

REGAN, J.—Plaintiff was awarded a money judgment by the trial court sitting without a jury, against defendant individually and doing business as the J & T Club for the sum of $7,600. Defendant appeals.

Plaintiff's complaint set forth three causes of action. The first pleads a common count claiming defendant to be indebted to him in the sum of $7,600 under the terms of an oral contract and promissory note and defendant's refusal to pay. The second pleads to separate common counts, one for the sum of $3,500 based upon a promissory note, and one based upon an oral contract wherein defendant agreed to pay to plaintiff the sum of $4,100. The third states a cause of action based upon false representations made by defendant to plaintiff arising out of a low-ball draw poker game wherein it is alleged plaintiff won from defendant the sum of $7,600, that defendant falsely represented that he would pay plaintiff said sum, and that plaintiff suffered damage in this amount when defendant failed to make payment.

It was stipulated that all of the allegations in the complaint were denied and that the affirmative defense of a gambling debt had been raised.

The record on appeal consists of a clerk's transcript, including the judgment roll, affidavits in support of and in opposition to a motion for summary judgment, and certain exhibits (see California Rules of Court, rule 5; Code Civ. Proc., § 670); it does not include the reporter's transcript of the oral proceedings at the trial (see California Rules of Court, rules 4, 6 and 7). Thus the instant appeal will be treated as one on the judgment roll, and only those facts appearing in the trial court's findings will be considered. (*Olson* v. *City of Hawthorne* (1965) 235 Cal.App.2d 51, 52 [45 Cal.Rptr. 48]; *Arruda* v. *Arruda* (1963) 218 Cal.App.2d 410, 414 [32 Cal.Rptr. 257]; see California Rules of Court, rule 5(f).) Defendant cannot broaden the scope of appellate inquiry by incorporating in the clerk's transcript the documentary evidence received in the court below. (*Olson* v. *City of Hawthorne, supra,* 235 Cal.App.2d at p. 52; *Hearst Publishing Co.* v. *Abounader* (1961) 196 Cal.App.2d 49, 56 [16 Cal.Rptr. 244].)

The findings of fact made by the trial court are as follows: "The Court finds that:

"1. That the defendant Joe Morelli owns and operates the J & T Club, which is a licensed card room in the County of Sacramento, State of California. That as owner of said card room establishment, defendant acts as the bank and as such, was a trustee in exchanging chips for cash or checks for prospective customers in said establishment representing to said public that said chips would be redeemed by the club with the value placed upon them when purchased. That this was done to induce persons to play the tables in said establishment and be able to rely on the fact that the club and its owner were holding legal tender to exchange for any chips the customer wished to cash in, but he would not have to rely on other players in said club.

"2. That plaintiff purchased chips in said licensed establishment and that said game was legal in the State of California, being a draw poker game.

"3. That during the said game, the owner of the club, Joe Morelli, requested that plaintiff cash in some of the chips that he had since the club was running short of chips and that said Joe Morelli gave plaintiff a note for Three Thousand Five Hundred ($3,500.00) Dollars in exchange for those chips to be used by his business, and that he gave said note as a non-participant in the game being conducted.

"4. That at the end of said game and by virtue of the banking arrangements and trustee arrangements, plaintiff attempted to cash in an additional Four Thousand One Hundred ($4,100.00) Dollars in chips and defendant promised to pay for said chips and exchange them for money the following day, and that defendant did so as a non-participant in said game.

"5. That defendant, Joe Morelli, although demand was made, never paid plaintiff the Three Thousand Five Hundred ($3,500.00) Dollars under the terms of the promissory note.

"6. That defendant, Joe Morelli, never paid to plaintiff the sum of Four Thousand One Hundred ($4,100.00) Dollars under his oral agreement to pay for the said chips.

"7. That plaintiff and defendant had an oral arrangement in regard to the presentation of some checks by the plaintiff to defendant for payment.

"8. That defendant breached said agreement and did not follow its terms in the presentation of said checks for payment, there being money present in the bank account of plaintiff when checks should have been presented."

Defendant contends the findings of fact are unsupported by the pleadings and are contrary to the admissions of the plaintiff. Before proceeding to this contention, the rules applicable to an appeal on a judgment roll should first be noted:

■ On such an appeal, the evidence is conclusively presumed to support the findings, and the only questions presented are the sufficiency of the pleadings and whether the findings support the judgment. (*Kass* v. *Weber* (1968) 261 Cal.App.2d 417, 418 [67 Cal.Rptr. 876].) The question of the sufficiency of the evidence to support the findings is not open. Unless reversible error appears on the face of the record, an appellate court is confined to a determination as to whether the complaint states a cause of action, whether the findings are within the issues, and whether the judgment is supported by the findings. (*Arruda* v. *Arruda, supra,* 218 Cal.App.2d at p. 414; *Hearst Publishing Co.* v. *Abounader, supra,* 196 Cal.App.2d at pp. 54-58 [extensive citation of the applicable rules]; *White* v. *Jones* (1955) 136 Cal.App.2d 567, 569-570 [288 P.2d 913].) Thus, only deficiencies appearing on the face of the record will be considered. (*Thornton* v. *Stevenson* (1960) 185 Cal.App.2d 708, 712 [8 Cal.Rptr. 603].)

Draw poker is not a game declared illegal by section 330 of the Penal Code. That draw poker may, nevertheless, be a gambling game or game of chance is not a concern in the case before us. Neither the promissory note executed by defendant, nor the transaction in which plaintiff surrendered poker chips to defendant for his promise to pay, was for the express purpose of enabling either of the parties to participate in any game of chance. The poker chips were to be used by defendant in his business operations. The defendant was a nonparticipant in the draw poker game. On this record the participants in the game were plaintiff and others not parties to this action. Unlike our case of *Lane & Pyron, Inc.* v. *Gibbs* (1968) 266 Cal.App.2d 61 [71 Cal.Rptr. 817], there is no evidence here that defendant himself actively participated in the game or that plaintiff is seeking recovery of cash advanced for gambling purposes. Moreover, there is nothing in the findings to indicate that the money due and owing plaintiff was a gambling debt as between plaintiff and defendant. Rather, this session of chips which in the ordinary course of licensed cardroom play are redeemable for cash.

■ Since the trial was held in 1966, certain presumptions are applicable. (Cf. *Lane & Pyron, Inc.* v. *Gibbs, supra,* 266 Cal.App.2d 61.) Thus, plaintiff was entitled to rely upon

the presumption that the entire transaction was legal and that it was not contrary to public policy. (*Hamilton* v. *Abadjian* (1947) 30 Cal.2d 49, 52 [179 P.2d 804].) The burden of proof of unlawful purpose was upon defendant who asserted the illegality. (*Id.* at p. 53.) "These presumptions, although disputable, were evidence in the case, adequate to support a finding even in the face of contrary evidence." (*Lane & Pyron, Inc.* v. *Gibbs, supra,* 266 Cal.App.2d at p. 66, citing *Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 P. 529].)

As between plaintiff and defendant the transactions do not constitute gaming debts founded upon gambling considerations. Plaintiff having acquired the poker chips in defendant's licensed establishment in the manner herein related, neither the law nor public policy impels denial of relief to plaintiff.

Defendant contends that in pleading his third cause of action, plaintiff admits participation by defendant in a draw poker game, and that the game took place on a credit basis, and thus the court's findings are contrary to the admissions in plaintiff's complaint.

Plaintiff pleaded the same cause both as a common count and specifically (i.e., misrepresentation). Although this practice is subject to demurrer if the specific count is defective, alternative pleading is proper. (2 Witkin, Cal. Procedure (1954) Pleading, § 273, p. 1248.) The trial court chose to ignore this special cause of action after hearing the evidence, and proceeded to give judgment on the common counts. The evidence is conclusively presumed to support the findings. From the record as it is presented here on the judgment roll, the complaint states a cause of action, the findings are within the issues, and the judgment is supported by such findings.

The judgment is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 14, 1969.