Filed 7/16/21  Marriage of Dhami CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of JYOTI DHAMI and CHARAN S. DHAMI. | |
| JYOTI DHAMI,<br><br>         Respondent,<br><br>v.<br><br>CHARAN S. DHAMI,<br><br>         Appellant. | A158324<br><br>(Contra Costa County Super. Ct. No. MSD17-05325) |

Charan S. Dhami (husband) appeals from an order entered after trial in this marital dissolution action between him and Jyoti Dhami (wife) that resolved a number of issues relating to property characterization, reimbursement, allocation of taxes and retirement accounts, support and sanctions.  Although the court resolved several issues, husband challenges only one:  the determination that he had no separate property interest in the property on Sargent Avenue in San Pablo (the Sargent Avenue property), and that it was owned by wife's mother, Sukhwinder Kaur (mother).  We affirm.

1

## I.   BACKGROUND

Because of the limited nature of the issues on appeal, we state only those facts relating to the Sargent Avenue property. Because husband has not filed a reporter's transcript of the trial, we take the facts from the trial court's final statement of decision, and, where appropriate, from the clerk's transcript.

Husband and wife were married in 1987. In 2012, husband took title to the Sargent Avenue property in his own name and obtained the mortgage on the property in his own name. The house was purchased for mother, who has paid the mortgage, insurance and taxes on the property since its purchase, but husband had the credit rating necessary to acquire the property. Mother currently lives in the home with eight other family members.

Husband made the initial down payment of $55,000 to $60,000 using community property funds. Although he disputed that he was reimbursed for the down payment, the testimony of several members of the family and bank records showing withdrawals made in close proximity to the original purchase show that he has since been fully reimbursed.

In 2016, husband executed a new grant deed on the Sargent Avenue property adding mother and wife to the title, and the property is now held by husband, wife and mother as joint tenants.

Husband and wife separated in 2016. Wife filed a petition for dissolution on November 13, 2017, in which she listed the Sargent Avenue property as community property and asked that

2

she and husband each be awarded a 33.3 percent interest in the property.

The court held a trial to determine property issues on May 30–31, 2019. By that time, wife had disavowed any community property interest in the Sargent Avenue property and took the position that mother was the sole owner.

The court issued a tentative statement of decision on June 10, 2019, in which it indicated the Sargent Avenue property was not subject to division by the family court because wife had not alleged a community property interest in the property. However, the court did address the issue of ownership of the Sargent Avenue property in its final statement of decision, issued July 1, 2019. The court noted that while the property "was not subject to division by this court" because wife had clearly stated that she did not assert an interest in the property and believed it was her mother's, she was asking the court to "specifically find that [husband] has no separate property interest in the property."[1]

The court found that husband had made the down payment on the Sargent Avenue property using community funds but had been reimbursed, that mother made all of the payments on the property, that husband had no separate interest in the property and that mother was the sole owner. It did not order that title to

---

[1] Although the record does not relate the manner in which wife made this request, the clerk's transcript indicates that objections to the tentative statement of decision were filed by the parties on June 14 and June 25, 2019, but were not included in the record.

the property be transferred to mother alone, and did not order mother to refinance the property or otherwise arrange to have husband removed as the debtor on the mortgage.

On July 18, 2019, husband filed an objection to the statement of decision and argued that the ownership issue should not have been subject to any ruling by the court because it lacked jurisdiction over the property.  The court advised the parties on August 30, 2019 that its statement of decision was final. Husband appealed.

## II.  DISCUSSION

A. *Failure to Provide a Reporter's Transcript*

Husband has failed to provide a reporter's transcript of the trial, which will frequently be fatal to a litigant's ability to have his claims of error resolved on the merits.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)  We treat this matter as an appeal on the judgment roll.[2]  (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93.)

---

[2] Code of Civil Procedure section 670 defines a judgment roll generally as including the pleadings, the verdict, the statement of decision and orders relating to rulings on demurrers and changes of parties.  "[T]here are two kinds of appeals which are loosely referred to as 'judgment roll appeals'.  The first is the true judgment roll [citation], the other an appeal on the clerk's transcript, which includes material outside the formal judgment roll.  [Citation.]  This appeal is not a true judgment roll appeal but an appeal on the clerk's transcript."  (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1094 (*Allen*); see also *Bristow v. Morelli* (1969) 270 Cal.App.2d 894, 896 [judgment roll included in clerk's transcript; appeal from clerk's transcript treated as judgment roll appeal].)  In either case, the reporter's transcript is lacking and our scope of review is the same.  (See *Allen* at p. 1082.)

4

Our review in such cases "is limited to determining whether any error 'appears on the face of the record.' " (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324–325.) The judgment is presumed to be correct, and the sufficiency of the evidence is not at issue. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992–994 (*Fain*).) Where no reporter's transcript has been provided, " 'the evidence is conclusively presumed to support the findings, and the only questions presented are the sufficiency of the pleadings and whether the findings support the judgment.' " (*Taylor v. Nu Digital Marketing, Inc.* (2016) 245 Cal.App.4th 283, 288.)

B. *Court's Jurisdiction to Dispose of the Property*

Husband argues that the family court lacked jurisdiction to enter an order finding that mother owned the Sargent Avenue property because wife acknowledged the property was not community property and only community property is subject to division in a marital action. We disagree.

The court found the down payment for the property came from community funds, a finding by which we are bound given the absence of a reporter's transcript. (*Fain, supra*, 75 Cal.App.4th at p. 992.) In his trial brief, husband argued that he and wife each had a 50 percent community interest in the Sargent Avenue property, and he proposed tendering his share to wife in exchange for her tendering her interest in other marital properties to him. And even if wife no longer claimed a community interest in the property at the time of trial, it was proper for the court to adjudicate the respective rights of husband and a third party when that could have some bearing on a fair

5

distribution or allotment of the community property. (See *Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1451.)

We also note that Family Code section 2650 provides, "In a proceeding for division of the community estate, the court has jurisdiction, at the request of either party, to divide the separate property interests of the parties in real and personal property, wherever situated and whenever acquired, held by the parties as joint tenants or tenants in common." The Sargent Avenue property was held in joint tenancy by husband, wife and mother, and the final statement of decision indicates that wife requested the court to consider husband's claim that the home was his separate property. The court had jurisdiction to decide the issue of ownership.

C. *Husband's Liability for Mortgage*

Husband argues that it was inequitable for the court to find that he had no separate interest in the Sargent Avenue property and at the same time to "maintain" his status as the debtor on the mortgage. A reporter's transcript is generally "indispensable" to any claim that the trial court abused its discretion, and he cannot argue in this appeal that the court erred in failing to order that steps be taken to remove him from the mortgage. (See *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) Nothing in our opinion should be construed to prevent any party from taking the necessary steps in the superior court to request that the Sargent Avenue property be transferred to mother and that husband be removed from the mortgage.

6

D. *Evidence of Reimbursement*

Husband argues the trial court erred in finding that he had been reimbursed for the down payment on the Sargent Avenue property.  This claim challenges the sufficiency of the evidence, and we have no way of assessing it in the absence of a reporter's transcript.  (*Fain*, *supra*, 75 Cal.App.4th at p. 992.)

## III.    DISPOSITION

The judgment is affirmed.  Costs to respondent Jyoti Dhami.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P.J.

_____

RODRIGUEZ, J. *

*Dhami v. Dhami* / 158324

---

     * Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.