[Civ. No. 10892.   First Appellate District, Division Two.—December 13, 1939.]

RICHARD E. DOYLE et al., Respondents, v. R. B. McPHERSON, Appellant.

Edmund J. Dunning for Appellant.

Caulfield & Keil, C. Harold Caulfield, Edward D. Keil and William J. Dowling, Jr., for Respondents.

NOURSE, P. J.—Plaintiffs, partners doing business under the name of Doyle-Feeney Co., brought the present action against defendant, stating two causes of action—the first upon an open and current book account and the second upon an account stated—to recover the balance due upon a brokerage account. Defendant pleaded the statute of limitations and counterclaimed for damages allegedly suffered by reason of plaintiffs' negligence in the sale of collateral security, and

pleaded a misjoinder of parties plaintiff. The cause was tried with a jury and the verdict was in favor of plaintiffs for $1500. Thereupon plaintiffs moved for judgment notwithstanding the verdict. Said motion was granted, and judgment entered in favor of plaintiffs for the amount prayed for, $2,319.20. Defendant appeals from the judgment in favor of plaintiffs and from the order denying defendant's motion for a new trial.

Defendant opened the account with Wardell, Taylor, Dunn & Co. in November, 1927. This partnership was succeeded by Bacon, Wardell & Co., Wardell, Doyle & Co., and Doyle-Feeney Co. Each firm was a general partnership engaged in the brokerage business, and each succeeded to the assets and liabilities of its predecessor by purchase and assignment. Defendant terminated his stock transactions in October, 1930, when Bacon, Wardell & Co. sold four bonds which had been held by them as collateral security. These securities, which were sold at a loss, are the basis of the counterclaim that they were held too long after defendant ordered a sale. After this sale no transactions occurred other than the payment of $500 by defendant in 1931 and two other payments of $100 each. Interest was regularly charged to the account upon the balance due. The action was not commenced until June 8, 1937. The last item in the account was a credit of 70 cents resulting from the sale of a fractional share.

The appellant states seven questions which he urges as grounds for reversal. ■ The first is whether the respondents were not required to both plead and prove an assignment of the claim from their predecessors. The pleading is in the form of the common count—upon an open current book account, and upon an account stated. The sufficiency of the pleading is not open to question. (*Pike* v. *Zadig,* 171 Cal. 273, 276 [152 Pac. 923].) Proof of the assignment is conceded by appellant in his statement that: "Defendant's account was sold and transferred through the various firms," and that each firm "succeeded by purchase and assignment of the assets and liabilities of its predecessor". A more correct statement of appellant's first assignment of error would be that, since it is conceded that the account arose during the business operations of the predecessors of respondents, and that the account was duly transferred to respondents, there-

fore they should have pleaded an assignment in their complaint. The objection could not have been raised by demurrer in view of the decision above noted. Having been raised by answer and the facts then having been admitted, the controversy comes to an end.

Appellant attacks the sufficiency of the evidence to prove an account stated. The evidence is that monthly statements were regularly given the appellant, that letters demanding payment of the balance due were mailed to him over a period of two and one-half years; that he did not at any time dispute the amount due, but said that he "would be unable to pay this amount all at once, he wanted time". The implied acquiescence arising from the failure to object within a reasonable time is all the evidence necessary to prove his admission that the account was stated truly. (1 Cal. Jur., p. 197.)

It is next suggested that the first cause of action was barred by the statute of limitations. Suit was commenced on June 8, 1937. The last item on the open book account relates to a small credit of August 24, 1934. The next previous item was a charge for interest due, entered in July 31, 1934. Upon this current account the four-year statute would commence to run from the time of the last item, and the cause of action is therefore within time. (Sec. 344, Code Civ. Proc.) Then, too, the second cause of action which is based upon the account stated is well within the statute of limitations (sec. 337, Code Civ. Proc.), and this cause of action alone is sufficient to support the judgment.

In answer to appellant's contention that the second cause of action is barred by section 360 of the Code of Civil Procedure, it is sufficient to say that the evidence does not in any manner support the statement that the last item on the open current account was made more than four years prior to the statement of the account. Therefore, section 360, which would require the statement to be in writing if the current account was barred, is not controlling. The applicable statute is section 337 which fixes the running of the limitation "from the date of the last item".

The refusal of the trial court to instruct the jury on the measure of damages under the appellant's counterclaim is assigned as error. No one of the proposed instructions

which was not given, and no one of the instructions given is printed or referred to in the briefs. The point is not properly presented. (Sec. 3, Rule VIII, Rules for Supreme Court and District Courts of Appeal.)

■ The final point urged by appellant is that the trial court erred in granting respondents' motion for judgment notwithstanding the verdict because they had failed to move for a directed verdict on appellant's counterclaim. That a motion for a directed verdict must precede one for judgment notwithstanding the verdict is settled. (Sec. 629, Code Civ. Proc.) Though respondents' motion for a directed verdict seems to have been confined to the second cause of action on the account stated, it would automatically include the defenses raised by the answer. A counterclaim is but a matter of defense raised by answer (sec. 437, Code Civ. Proc.), and we are cited to no authority holding that it must be specially mentioned in the motion for a directed verdict made by plaintiff on his complaint. As this case is presented, we are referred to no evidence tending to prove any damages under the counterclaim. Assuming, therefore, as we must upon this record, that the allegations of the counterclaim were not proved, plaintiffs' motion for judgment notwithstanding the verdict having been made in compliance with section 629, Code of Civil Procedure, was properly granted.

The judgment is affirmed, and the appeal from the order denying a new trial is dismissed.

Sturtevant, J., and Spence, J., concurred.