[Civ. No. 13005.  Second Dist., Div. Two.  Apr. 28, 1942.]

MARY KATHERINE THURMAN, Appellant, v. J. W. CLUNE et al., Defendants; THE ICE PALACE (a Corporation) et al., Respondents.

Murchison & Clopton, R. Bruce Murchison, Richard C. Hart and John B. Myers for Appellant.

Spray, Davis & Gould and Bauder, Veatch & Gilbert for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury in an action to recover damages for personal injuries caused by the alleged negligence of defendants, plaintiff appeals.

The undisputed facts are:

March 24, 1938, plaintiff suffered injuries when she was struck in the mouth by a hockey puck while watching an ice hockey match in a pavilion known as the Ice Palace. The pavilion was owned by the defendant Ice Palace, a corporation, which had entered into an agreement with the Associated Student Body of the University of Southern California for the playing of the ice hockey match which plaintiff was witnessing.

The Ice Palace contained a rink in size, construction, and equipment conforming to the general custom and usage of such rinks prevailing throughout the United States and Canada. The skating surface was a sheet of ice approximately 194 feet long and 80 feet wide encompassed by a solid wooden wall three and one-half feet high. Tiers of seats for spectators surrounded the playing surface, those closest to the rink being box seats separated from the ice only by a wooden wall. A wire screen for the protection of spectators had been erected at each end of the rink. It extended upward from the wooden wall and for approximately 10 to 16 feet along both sides. The spectators' seats were approximately 160 feet along each side of the rink and were not protected by screens. There were no signs giving any warning of danger to spectators, although on prior occasions spectators had been struck by flying pucks during the playing of ice hockey games.

About ten minutes before plaintiff was injured, she entered the rink and was seated in a box on one side of the rink,

which was unprotected by any wire screen. She had never seen an ice hockey game before and had not theretofore been in the Ice Palace. Shortly after she was seated, the puck, a hard rubber disk approximately three inches in diameter and one inch in thickness, was driven off the ice and struck plaintiff in the mouth, causing serious personal injury.

It is necessary for us to determine three questions, which will be stated and answered hereunder seriatim.

■ *First: Was there substantial evidence to sustain the finding of the jury that it wasn't an act of negligence of defendants or either of them, which caused plaintiff's injury?*

This question must be answered in the affirmative. On the identical facts set forth above on a previous appeal of the instant case we held that it was a question of fact to be determined by the jury from all of the evidence whether the defendants were negligent in not providing either notices warning patrons of danger from flying pucks or screens to protect spectators in case a puck should be driven above the railing surrounding the rink. (*Thurman* v. *Ice Palace*, 36 Cal. App. (2d) 364, 366 [97 P. (2d) 999].) It was therefore a question of fact for the determination of the jury whether any negligent act of defendants or either of them was the proximate cause of plaintiff's injury, and the jury's determination of this question is binding upon this court.

■ *Second: Was it prejudicial error for the trial court to admit over objection evidence showing:*

*(a) That there were no other rinks in Los Angeles where ice hockey could be played and the Ice Palace had on previous occasions been leased for ice hockey games, also the manner in which the Ice Palace was equipped on such occasions;*

*(b) The rules of the National Collegiate Athletic Association governing ice hockey games;*

*(c) The method of maintenance, equipment, and operation of other ice hockey rinks in the United States and Canada?*

This question must be answered in the negative. The practice in other places relative to the safeguarding of ice hockey rinks and the opinion of experts relative to the proper safeguards to be taken in the construction of ice hockey rinks is evidence which is admissible and is entitled to consideration with other evidence on the query of whether defendant in a particular instance has properly safeguarded the ice hockey

rink in question. (*James* v. *Rhode Island Auditorium* (1938), 60 R. I. 405 [199 Atl. 293, 298] ; see, also, *Denman* v. *City of Pasadena,* 101 Cal. App. 769, 765 [282 Pac. 820].)

▇ *Third: Did the trial court commit prejudicial error in instructing the jury?*

This question will not be considered by us, because plaintiff has not set forth in his brief the instruction which he claims was erroneously given by the trial judge. Section 3 of rule VIII, Rules for Supreme Court and District Courts of Appeal (Larmac 1941 Index to Cal. Laws, 1624) requires that a person urging error in the giving of instructions must set forth in his brief all instructions bearing upon the subject covered by the instructions alleged to be erroneous. (See *Doyle* v. *McPherson,* 36 Cal. App. (2d) 81, 84 [97 P. (2d) 249] ; *People* v. *Flint,* 45 Cal. App. (2d) 203, 205 [113 P. (2d) 924].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Hanson, J. pro tem., concurred.

A petition for a rehearing was denied May 22, 1942, and appellant's petition for a hearing by the Supreme Court was denied June 25, 1942. Carter, J., voted for a hearing.