[Civ. No. 24919.   First Dist., Div. Four.   Apr. 29, 1968.]

ERNEST G. GOETZE et al., Plaintiffs and Appellants, v. VIRGIL E. HANKS, Defendant and Respondent.

Joseph W. Raftery for Plaintiffs and Appellants.

James B. McKinney for Defendant and Respondent.

DEVINE, P. J.—Plaintiffs, appellants, filed this action for unlawful detainer. The three-day notice required by statute declares noncompliance by defendant to have been failure to pay the sum of $13,500 which was due to appellants on or

before November 15, 1966, and failure to pay certain taxes and assessments which defendant was obliged to pay under his agreement with plaintiffs. General demurrer was sustained on the ground that the complaint does not state facts sufficient to constitute a cause of action. The court's comment in the order sustaining the demurrer is that defendant, as a buyer in possession, is not subject to removal by unlawful detainer. Judgment for defendant followed and plaintiffs appeal.

The agreement between plaintiffs and defendant is made part of the complaint and there is no pleading of any contractual terms extraneous to this agreement. The complaint asks for judgment for restitution of the premises, for loss of "rental value" of $37,797.60, for brokerage fees encountered in the negotiation of the agreement of $22,400, for trebling of the total $60,197.60, for attorney's fees and for costs. The contract is on a printed form, although parts of it are typewritten. It is described in its heading as "Agreement for Sale of Real Estate." The terms "buyer" and "seller" are used throughout. Title remains in the seller, but the buyer is permitted to stay in possession in the absence of default. In event of failure of buyer to comply with the whole or any term of the contract, the seller shall be released from all obligations to convey, buyer forfeits all rights, and seller shall be immediately entitled to possession of the land.

The remedy of unlawful detainer is a statutory and summary one, and a person who seeks it must bring himself clearly within the relationship between himself and the occupier of the property that is described in the statute. (*Woods-Drury, Inc.* v. *Superior Court,* 18 Cal.App.2d 340, 344 [63 P.2d 1184]; *Seidell* v. *Anglo-California Trust Co.,* 55 Cal. App.2d 913, 920 [132 P.2d 12]; *Baugh* v. *Consumers Associates, Ltd.,* 241 Cal.App.2d 672, 674 [50 Cal.Rptr. 822].) Section 1161 of the Code of Civil Procedure, so far as relevant, provides that when a tenant continues in possession after the expiration of the term for which the property has been let he is guilty of unlawful detainer, including the case where the person to be removed became the occupant of the premises as a licensor and the relation of licensor-licensee has been lawfully terminated. It is the contention of appellants that respondent originally became the occupant of the premises as a licensee; that his status as licensee has been lawfully terminated; and that he is therefore subject to removal by the summary process.

We hold with the trial judge that respondent was not a

mere licensee. Nowhere in the contract do the words "licensor" or "licensee" appear. But more important than the mere absence of such descriptive words is the fact that the agreement is, in essence, one of sale. In *Francis* v. *West Virginia Oil Co.*, 174 Cal. 168 [162 P. 394], it was held that a vendee in possession of land under a contract of sale, who has defaulted in the payment of an installment of the purchase price, does not become a tenant at will subject to removal by the summary method of unlawful detainer. The *Francis* case was decided in 1917, before the amendment to section 1161 which in 1933 (Stats. 1933, ch. 513, § 1, p. 1315) made the reference, above described, to the licensor-licensee relationship. But the principle is the same. The vendee under an agreement of sale is no more a mere licensee than he is a tenant at will. As it was said in the *Francis* case: "Even a vendee who has defaulted in his promised payments is entitled to an opportunity of showing his equities and presenting his defenses." (174 Cal. at p. 171.)

A license in land confers on the licensee no interest in the premises. It is a mere personal privilege. It is personal and revocable. (*Fisher* v. *General Petroleum Corp.*, 123 Cal. App.2d 770, 776 [267 P.2d 841].) The agreement in the case before us expressly provides that the seller will permit the buyer to remain in possession in the absence of default. The right of possession, then, is not revocable at the will of the seller. The relationship between the parties from its beginning was not that of licensor and licensee.

The arrangement for payments shows that the installments are successive payments of the purchase price and are not rent, and are by no means mere compensation for a license. The contract calls for twenty equal installments of $13,500 each, to be followed by a final payment of $28,435.20. The total of these equals the agreed purchase price of $298,435.20. Although it seems from the pleadings that not even the first payment was made, this fact does not change the relationship between the parties. It is possible that a default in making an installment payment would have occurred after many payments had been made. The vendor chose to sell his land. In doing so, he created the relationship of seller and buyer, not that of licensor and licensee. Certain legal remedies are available to him, but not the summary one of unlawful detainer.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.