Ming Ming WU, individually and as guardian ad litem for Peter Wu, a minor, Plaintiff–Appellant,

v.

CITY OF REDWOOD CITY; Irmengard Villareal; Alberto Villareal; Alice Espindola; Matt Shiel; Elisa Dias, Cindy Villareal; Tamara Dedic, Scott Vermeer, Captain; Livingston, Officer; ABE Talaat; Scott Dedic; N. Sweet; Sherman, Sergeant; Carlos G. Bolanos, in his capacity as Chief of Police for the City of Redwood City; Joseph Rodriguez, Sgt., individually and in his capacity as a Police Officer for the City of Redwood City; Clay Stringer, Sgt., individually and in his capacity as a Police Officer for the City of Redwood City; R. Meure, Officer, # 246, individually and in her capacity as a Police Officer for the City of Redwood City; Eugene Dias, aka/ Gino Dias, Defendants–Appellees,

and

Gilberto Villareal; Joseph C. Howard, Jr., Paul Villareal; Cindy Tarangioli, Defendants.

No. 99–17022.
D.C. No. CV–96–188 DLJ.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001 *.

Decided May 2, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REINHARDT, TASHIMA, and BERZON, Circuit Judges.

## MEMORANDUM **

Ming Ming Wu ("Wu"), individually and as guardian ad litem for her son, appeals the grant of summary judgment against her federal and state law claims relating to an allegedly unlawful entry and wrongful eviction, the police response to her 911 call concerning her son, and an alleged conspiracy between private defendants and the police. Wu also appeals certain discovery decisions below. The parties are familiar with the facts and prior proceedings, thus we need not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■■■ We review de novo a grant of summary judgment and must determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We review rulings concerning discovery for an abuse of discretion. *Simula v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir.1999).

■■■ Because Wu failed to present sufficient evidence to establish a genuine issue of material fact as to whether she was a tenant at the property from which she was removed, the district court properly granted summary judgment on her claims under 42 U.S.C. § 1983 based on unlawful entry and wrongful eviction. At best, Wu was a mere licensee staying at the residence of Gilberto Villareal. *See Watson Pac. Ventures v. Valley Fed. Sav. & Loan (In re Safeguard Self–Storage Trust)*, 2 F.3d 967, 972 (9th Cir.1993) ("The test for whether an agreement for the use of real estate is a license or a lease is whether the contract gives the exclusive possession of the premises against all the world, including the owner, in which case it is a lease, or whether it merely confers a privilege to occupy under the owner, in which case it is a license ...."). A license is revocable at will and no notice or legal process is required before terminating the occupancy of a licensee. *See Goetze v. Hanks*, 261 Cal.App.2d 615, 68 Cal.Rptr. 150, 151 (Dist.Ct.App.1968) ("A license in land confers on the licensee no interest in the premises. It is a mere personal privilege. It is personal and revocable."); *Chan v. Antepenko*, 250 Cal.Rptr. 851, 852–53 (App. Dep't Super. Ct.1988) ("One distinction between a leasehold and a license is that notice must be given to terminate a leasehold interest whereas none is required to terminate the occupancy of a licensee."); *Roberts v. Casey*, 93 P.2d 654, 659 (App. Dep't Super. Ct.1939) (concluding that licensees have no right to notice prior to eviction). Wu's constitutional claims based on unlawful entry and wrongful eviction must therefore fail as a matter of law. Rather, since no tenancy was created, Wu did not have a valid property interest and cannot prove a cognizable constitutional deprivation.

Wu also failed to present sufficient evidence that the police response to her 911

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

call the morning following her removal from the Villareal residence was part of a conspiracy to harass her, or even that she herself was ever detained or transported to the hospital pursuant to California Welfare and Institutions Code § 5150 for a 72–hour psychiatric hold. Moreover, the evidence suggests that the responding officer acted reasonably in having Wu's son transported to the hospital for examination under California Welfare and Institutions Code §§ 300 and 305, and thus would be entitled to qualified immunity in any event. *See, e.g., Elene H. v. County of Los Angeles,* 220 Cal.App.3d 1445, 269 Cal.Rptr. 783, 788 (Ct.App.1990) (finding law enforcement officers entitled to qualified immunity for taking child into protective custody pursuant to §§ 300 and 305 during investigation of child abuse).

██ Because there was no evidentiary basis for any violation of Wu's federal rights, summary judgment was appropriate on her claim for municipal liability. *See Quintanilla v. City of Downey,* 84 F.3d 353, 355 (9th Cir.1996) (holding that there can be no *Monell* liability absent an underlying violation of federal rights). Also, there was no basis for proceeding to trial on the state law claims of abuse of process, interference with economic relationship, and intentional or negligent infliction of emotional distress when the private defendants did not act wrongfully by terminating a license that was revocable at will or by having Wu removed with the stand-by assistance of the police. *See, e.g., Coleman v. Gulf Ins. Group,* 41 Cal.3d 782, 226 Cal.Rptr. 90, 94, 718 P.2d 77 (1986) (essential element of abuse of process is that the defendant "committed a wilful act in a wrongful manner"); *Wilkins v. Nat'l Broad. Co.,* 71 Cal.App.4th 1066, 84 Cal. Rptr.2d 329, 341 (Ct.App.1999) (required element of intentional infliction of emotional distress is "extreme and outrageous con-

duct by the defendant"); *Lang v. TIG Ins. Co.,* 68 Cal.App.4th 1179, 81 Cal.Rptr.2d 39, 44 (Ct.App.1998) (interference with economic relationship requires that conduct be "independently wrongful apart from the interference itself").

Finally, the magistrate judge did not abuse her discretion in granting a protective order preventing Wu from continuing to depose Rhonda Robinson because such testimony would be irrelevant to any disposition of the case. Likewise, the district court did not abuse its discretion in precluding further *Monell* discovery because there was no basis for municipal liability as a matter of law.

AFFIRMED.[1]

---

1. All pending motions are denied.