**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH O'BRYNE, | No. 13-55563 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00447-IEG-NLS |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Submitted March 3, 2015[**]
Pasadena, California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Joseph O'Bryne sued Portfolio Recovery Associates, LLC ("PRA"), claiming

that a state court complaint violated the Fair Debt Collection Practices Act, 15 U.S.C.

§§ 1692e, 1692f ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cal. Civ. Code § 1788 *et seq.* The district court granted summary judgment to PRA. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. "[A] complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010).

2. The state complaint's assertion that O'Bryne's uncontested final credit card statement established an account stated was not a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e. An account stated may be "implied from the circumstances," including the receipt of a billing statement and subsequent failure to object. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1515 (9th Cir. 1985), *superseded on other grounds by* 28 U.S.C. § 1961; *see S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1090-91 (9th Cir. 1989); *Doyle v. McPherson*, 97 P.2d 249, 250-51 (Cal. Ct. App. 1939). Existing California law does not preclude an account stated theory for collection of an uncontested credit card debt. *Cf. Zinn v. Fred R. Bright Co.*, 76 Cal. Rptr. 663, 665-66 (Ct. App. 1969) (identifying the elements of an account stated). O'Bryne's credit card agreement expressly provided that Capitol One could transfer its rights to an assignee.

3. Because the state complaint properly identified Capital One as O'Bryne's original creditor and PRA as an assignee, the form allegation immediately thereafter

2

that "an account was stated . . . between plaintiff and defendant," was not a material misrepresentation.  Even the "least sophisticated consumer" would understand that "plaintiff" was shorthand for this assignor-assignee pairing; the form statement could not "frustrate a consumer's ability to intelligently choose his or her response." *Donohue*, 592 F.3d at 1033-34.

**4.**  PRA's attempt to collect the fees and interest included in the credit card debt it purchased was not an "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  California courts "distinguish between *interest as damages*, and *interest as debt*.  Where the obligation to pay interest arises out of a contract to pay interest the interest is part of the debt, it is an accretion to the principal."  *Kawasho Int'l, U.S.A., Inc. v. Lakewood Pipe Serv., Inc.*, 201 Cal. Rptr. 640, 645 (Ct. App. 1983).  The credit card member agreement made clear that fees would be added to the principal balance, and O'Bryne does not dispute that the agreement permitted Capitol One to assess compound interest.  Thus, collection of interest and fees included in the credit card balance was "expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

**5.**  Because we find no FDCPA violation, we also find no violation of the Rosenthal Act.  *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012)

3

(finding that whether a communication "violates the Rosenthal Act turns on whether it violates the FDCPA").

**AFFIRMED.**